IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL B. JACOBS, Individually and as Administrator of the ESTATE OF GREGORY JACOBS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) | Case No.  1:09-cv-48-SJM |
| v. | ) ) | |
| THE CENTER FOR ORGAN RECOVERY AND EDUCATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

McLAUGHLIN, SEAN J., District J.,

Presently pending before me is a joint motion [215] and supporting brief [216] by the parties requesting leave to file under seal the Plaintiffs' petition for court approval of the settlement reached in the above-captioned matter.  On September 11, 2012 this Court granted the motion of Times Publishing Company ("TPC") to intervene [217].  TPC subsequently filed a brief in opposition to the parties' joint motion to seal [218].  Defendant Coleman has filed a reply to TPC's brief in opposition [222], and TPC has responded to Coleman's reply brief [226].  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 due to the parties' diverse citizenship.

Because the settlement of this case involves the resolution and/or compromise of claims filed on behalf of the decedent's estate, court approval of the settlement is

statutorily required.  *See* 20 Pa. C.S.A. §3323.  Accordingly, the petition for court approval of the settlement will have to be filed as part of the official court record.[1]

Our Court of Appeals has recognized a right of access to judicial proceedings and judicial records which is "beyond dispute." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 780-81 (3d Cir. 1994) (quoting *Littlejohn v. Bic Corp.,* 851 F.2d 673, 677-78 (3d Cir. 1988)).  "The common law right of access antedates the Constitution, and its purpose is to "promote[ ] public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Leap Systems, Inc. v. Moneytrax, Inc.,* 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Littlejohn, supra,* at 677-78) (alteration in the original).  Thus, there is a "'strong presumption' in favor of accessibility [which] attaches to almost all documents created in the course of civil proceedings." *Id.* (citing authority).

Despite this strong presumption in favor of accessibility of judicial records, our circuit permits the sealing of documents in appropriate circumstances "when justice so requires." *Leap Systems, Inc.,* 638 F.3d at 221.  However, "[t]he burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *Id.* at 221-22 (*quoting In re Cendant Corp.*, 260 F.3d 183, 190 (3d Cir.2001)).

---

[1] In *Bank of American Nat. Trust and Sav. Ass'n v. Hotel Rittenhouse Associates,* 800 F.2d 339 (3d Cir. 1986), the Third Circuit Court of Appeals held that "the court's approval of a settlement or action on a motion are matters which the public has the right to know about and evaluate."  800 F.2d at 344. "[S]ettlement documents can become part of the public component of a trial" in one of two ways:  (1) "when a settlement is filed with a district court" (as is anticipated in this case), and (2) "when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision." *Leap Systems, Inc.,* 638 F.3d at 220 *(citing Enprotech Corp. v. Renda, 983 F.2d 17, 20 (3d Cir. 1993)).*

The movants concede that they bear the burden of establishing "good cause" for filing the subject petition under seal.  See *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994)("[W]hether an order of confidentiality is granted at the discovery stage or any other stage of litigation, including settlement, good cause must be demonstrated to justify the order.").  *See also E.E.O.C. v. Kronos Inc.,* 620 F.3d 287, 302 (3d Cir. 2010) ("The burden of justifying confidentiality remains at all times on the party seeking the order.") (citation omitted).  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity."  *Pansy,* 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1071 (3d Cir. 1984)).  *See also Leap Systems, Inc.,* 638 F.3d at 222 ("'(B)road allegations of harm, bereft of specific examples or articulated reasoning,' are insufficient, on their own, to establish a strong interest in maintaining confidentiality.") (quoting *In re Cendant Corp.*, 260 F.3d at 194).

In determining whether good cause exists to seal the petition to approve the settlement agreement, this Court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy*, *supra*, at 787 (quoting Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L. Rev. 427, 432–33 (1991)).  Our Court of Appeals has recognized numerous factors that may be considered as part of the "good cause balancing test," namely:

> 1) whether disclosure will violate any privacy interests;
>
> 2) whether the information is being sought for a legitimate purpose or an improper purpose;

> 3) whether disclosure of the information will cause a party embarrassment;
>
> 4) whether confidentiality is being sought over information important to public health and safety;
>
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> 7) whether the case involves issues important to the public.

*E.E.O.C. v. Kronos Inc.,* 620 F.3d at 302 (*citing Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995)).

These factors are neither mandatory nor exhaustive. *Glenmede Trust,* 56 F.3d at 483. Rather, a district court has the discretion "to evaluate the competing considerations [of private versus public interests] in light of the facts" of its particular case. *Id. (quoting Pansy, supra,* at 789). "Under the good cause balancing test," however, "there is a strong presumption against entering an order of confidentiality whose scope would prevent disclosure of information that would otherwise be accessible under a relevant freedom of information law." *Kronos Inc.*, 620 F.3d at 299 (*citing Pansy*, 23 F.3d at 791).

Based on the record before me, I conclude that the movants have failed to establish good cause for the sealing of the settlement approval petition.

The movants contend that sealing the settlement petition is in the Plaintiffs' best interests in order to ensure that the decedent's family has time to heal and recover from the trauma of the decedent's death without the necessity of dealing with invasive media inquiries. Notwithstanding the Plaintiffs' quite legitimate desire to achieve emotional

closure, however, this Court (like TPC) questions whether disclosure of the settlement petition would actually tend to invite "invasive media inquiries" beyond those which would otherwise result if the settlement terms were sealed.  As of this writing, this litigation has been pending some three and one-half years, and the details of each sides' claims and theories have been spelled out in the expansive judicial record which is already available to the public.  Disclosure of the petition for settlement approval will essentially reveal only the amount of settlement and the apportionment of that figure as it relates to the wrongful death and survival claims, as well as counsel fees and certain expenses.  It is therefore unclear that disclosure of the settlement terms would subject the decedent's family to any more media scrutiny or attention than has already occurred over the last several years.

      Moreover, the Plaintiffs' privacy concerns must be viewed in the overall context of this case.  From the beginning, this lawsuit has engendered considerable publicity, largely as the result of Plaintiff's own allegations that the Defendants had engaged in conduct – vigorously denied by Defendants -- which (if proven) could fairly be described as shocking, sinister, and macabre.  As TPC also points out, in March of 2009 (around the time this case was filed), the Plaintiffs and their legal counsel provided an interview to CBS, to be broadcast nation-wide, concerning their claims against the Defendants. Accordingly, much of the wide-spread media attention in this matter has been generated by the Plaintiffs themselves, and their stated desire for closure, even though understandable, cannot outweigh the public's considerable interest in disclosure of the terms of settlement. We agree with TPC that the possibility of additional media inquiries

relative to the terms of settlement does not represent the type or degree of harm that can justify denying public access to an official court record.

The movants further contend that filing the settlement petition under seal will be in the best interests of the other parties as well because of "the complex medical determinations made, the sensitive nature of organ donation and the susceptibility of misunderstandings and mischaracterizations about organ donation that would have a chilling effect on such donations." (Jt. Br. in Supp. of Mot. for Leave [216] at p. 4.) No elaboration is provided by the parties concerning how disclosure of the settlement terms might achieve such a chilling effect. To the extent the parties are suggesting that the settlement might be misperceived as an admission of liability on the part of the Defendants, we simply note that the case has been vigorously defended and the Defendants have repeatedly and vociferously denied that they engaged in any tortious or wrongful conduct relative to the treatment of the decedent.[2]

Although relevant considerations may include the possibility that disclosure of the settlement information will cause a party embarrassment, this factor does not weigh in favor of the parties' request to seal the settlement petition in this case. Because the "release of information not intended by the writer to be for public consumption will almost always have some tendency to embarrass … [one] must demonstrate that the embarrassment will be particularly serious." *Cipollone v. Liggett Group,* 785 F.2d 1108, 1121 (3d Cir. 1986). General allegations of injury to reputation… or embarrassment… [are] insufficient." *Glenmede Trust Co. v. Thompson,* 56 F.3d at 484. Here, no showing

---

[2] The Court notes that it is not uncommon for a defendant or defendants, as part of a settlement petition or agreement, to make clear that the payment of settlement proceeds is not an admission of liability.

has been made that, if the petition for settlement approval is unsealed, the Defendants will be subject to embarrassment beyond that which normally occurs when a defendant settles a case.

Consideration of the other relevant factors also favors disclosure of the petition for approval of settlement. For example, there is no allegation by the movants, nor is there any basis for assuming, that TPC seeks information concerning the settlement for an improper or abusive purpose. Furthermore, because this case involves allegations of wrongful conduct in connection with organ donation, the contents of the judicial record – including the terms of settlement – contain information over which the public has a legitimate interest from a public policy perspective.

Another factor courts consider is whether resolution of the case is dependent upon the issuance of a court order keeping the terms of settlement under seal. The parties have confirmed that such is not the case in the pending litigation.

Defendant Coleman insists that, in actuality, the parties are not voluntarily submitting their Petition to Approve the Settlement with the Court because they are compelled to do so by virtue of 20 Pa. C.S.A. §3323. Coleman contends that, "[i]nasmuch as the parties are not *voluntarily* submitting the settlement amount to the Court, but rather are doing so under compulsion of statute, this should be another factor considered in favor of granting the Joint Motion to Seal." (Jonathan Coleman's Reply to Br. of Intervenor in opp. to Jt. Mot. for Leave to File Pet. Under Seal [222] at pp. 7-8.)

This Court disagrees. The statutory requirement that court approval be obtained for the settlement of survival claims reflects a public policy concern that the decedent's estate, and any creditors and beneficiaries thereof, be protected. *See In re Estate of*

*Merryman*, 669 A.2d 1059, 1060 n.1 (Pa. Commw. Ct. 1995); *Moore v. Gates,* 580 A.2d 1138, 1141 (Pa. Super. 1990).  Although Coleman contends that this protection can be adequately accomplished without disclosure of the settlement terms, I do not concur.  The same public policy concerns which make court approval of the settlement necessary also counsel in favor of disclosure of the settlement terms because the public has the right to ensure that the court is fulfilling its statutorily mandated role and exercising sufficient oversight.  I therefore agree with TPC's assertion that Pennsylvania's requirement of court approval of this settlement actually heightens the public interest in access to the subject documents.

      Finally, the Court recognizes that the parties to this settlement are private litigants as opposed to public officials and, in cases involving a private settlement, the need for public disclosure is ordinarily less weighty.  However, I find that this factor, and the parties' asserted privacy concerns, are outweighed by all of the other previously discussed factors which counsel in favor of full disclosure.  Accordingly, I conclude that the movants have failed to establish good cause for the sealing of the petition for settlement approval, particularly in light of the substantial public interest that has been generated as a result of the nature of the allegations in this case, the fact that the alleged wrongdoing arises in the context of organ harvesting – an issue of broad public concern, and (most importantly) the fact that the settlement petition must be submitted to the court for approval and will thereby become part of the judicial record.  Based upon the foregoing reasons, the following order is entered:

AND NOW, to wit, this 6th Day of November, 2012, for the reasons previously discussed herein,

IT IS ORDERED that the parties' Joint Motion for Leave to File Petition Under Seal [215] shall be, and hereby is, DENIED.

                                      s/      <u>Sean J. McLaughlin</u>

                                                 Sean J. McLaughlin
                                                 United States District Judge

cc:     All parties of record.